IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADY M CONFECTIONS, CO., LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-00385 |
| | § | |
| SWEETIE BAKERY CAFÉ, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
COUNTERFEITING, DILUTION, UNFAIR COMPETITION, FALSE
ADVERTISING, AND UNJUST ENRICHMENT**

For its complaint, Lady M Confections, Co., Ltd. ("Lady M"), appearing through the undersigned counsel, alleges as follows based on knowledge, information and belief:

**PARTIES**

1. Lady M Confections, Co., Ltd. is a New York corporation having its principal place of business at 9-08 43rd Road, Long Island City, New York 11101.

2. Upon information and belief, Defendant Sweetie Bakery Café is an unregistered Texas business. Defendant Sweetie Bakery Café conducts business within the State of Texas and operates a bakery and café at 9256 Bellaire, Blvd, Houston, Texas 77036 under the name "Sweetie Bakery Café."

**NATURE OF ACTION AND JURISDICTION**

3. This is an action for trademark infringement, counterfeiting, dilution, unfair competition, false advertising, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the laws of the state of Texas.

73897570.1

4.     This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).

5.     The Court has personal jurisdiction over Defendant because Defendant resides in this state and is conducting business in this state, and/or has committed and is committing torts in whole or in part in this state, as described below, including without limitation, acts of trademark infringement, counterfeiting, unfair competition, false advertising, dilution, and unjust enrichment.

6.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) & (c). Among other things, each of the Defendants resides in this judicial district, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, a substantial part of the property that is the subject of this action is situated in this judicial district, and one or more of the Defendants may be found in this judicial district.

7.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTS

**A.     Lady M Confections, Co., Ltd. and Its Marks**

8.     Lady M Confections, Co., Ltd. ("Lady M"), has been selling Mille Crêpes cakes for many years starting at least as early as 2001.

9.     Since at least as early as 2001, Lady M and its authorized retailers and distributors have used the mark LADY M and the LADY M logos in connection with the sale and promotion of its signature Mille Crêpes cakes. The LADY M logos incorporate the letter "M" in purple serif

font over a taupe-colored floral wreath design with filigrees and flourishes, set against a white background, and sometimes with the words "LADY M CAKE BOUTIQUE" or "LADY M CONFECTIONS" underneath in purple sans-serif font, as shown below:



10. Since 2001, Lady M and its authorized distributors have used the LADY M mark and the LADY M logos on the cardboard cake boxes that Lady M uses for its Mille Crêpes cakes. Lady M also uses the LADY M mark and the LADY M logos on all of its advertising and trade dress materials, including its website, boutique signs, social media pages, posters, and other product packaging materials, such as coffee cup sleeves and paper bags.

11. Over the years, the purple, taupe, and white color scheme has been repeated in Lady M's trade dress, advertising and promotion for its LADY M cakes and retail services offered at Lady M's boutiques.

12. In addition to its extensive common-law rights, Lady M owns federal trademark registrations for its marks, including those shown in the chart below:

| MARK | REGISTRATION NO./ REGISTRATION DATE | GOODS/SERVICES |
|---|---|---|
| LADY M | 3,002,242 September 27, 2005 | Retail, mail order and online ordering services, all featuring bakery and confectionery goods (IC 35) Cafe and restaurant services (IC 43) |
| LADY M | 3,117,483 July 18, 2006 | Coffee, tea, coffee-based and espresso-based beverages, candy, chocolate covered confectionaries, sandwiches (IC 30) |
| LADY M | 2,976,861 July 26, 2005 | Bakery products; confectionery products, namely, chocolate and candy (IC 30) Wholesale bakery services; wholesale distributorship services featuring confectionery goods (IC 35) |
| M (design) | 4,217,289 October 2, 2012 | Retail store, mail order, and online ordering services, all featuring bakery and confectionery goods (IC 35) |

| MARK | REGISTRATION NO./ REGISTRATION DATE | GOODS/SERVICES |
|---|---|---|
| | | Bakery products; confectionery products, namely, chocolate and candy; coffee, tea, coffee-based and espresso-based beverages, chocolate covered confectioneries, and sandwiches (IC 30) |

13. The above registrations are valid, enforceable, subsisting and incontestable pursuant to 15 U.S.C. § 1065. Copies of the certificates of registration for the above registrations are attached as **Exhibit A**. The LADY M marks described above and the purple, taupe, and white color scheme are collectively referred to herein as the "LADY M Marks."

14. Lady M operates eleven "boutiques" in New York, Boston, California, and Chicago, where customers can purchase Lady M's signature Mille Crêpes cakes, along with sandwiches, salads, coffee, and other confectionery.

15. Lady M prominently uses the LADY M Marks on the store signage, posters, menus, and product packaging at each of these boutiques.

16. Lady M also accepts online order requests for its Mille Crêpes cakes on its website at www.ladym.com and ships cakes bearing the LADY M Marks to customers across the United States, including to Houston, Texas.

17. Lady M also hosts "pop-up boutiques" across the country where Lady M sets up shop and sells its Mille Crêpes cakes for a limited time. Lady M hosted a pop-up boutique in the Galleria mall in Houston, Texas on Saturday, May 12, 2018, and Sunday, May 13, 2018. Lady M

recently hosted another pop-up boutique in Houston, Texas from December 22, 2018 to December 23, 2018.

18. Lady M also sells its Mille Crêpes cakes through authorized distributors located throughout the United States. In Houston, Texas, the Japanese barbecue restaurant Gyu-Kaku is an authorized distributor that has been selling Lady M's Mille Crêpes cakes under the LADY M Marks since at least as early as 2014.

19. Authorized Lady M distributors are selected through a screening process and are required to meet Lady M's quality control requirements in the shipping, handling, and serving of Lady M's Mille Crêpes cakes, which contain dairy and eggs and can spoil if improperly handled or stored without proper refrigeration. These provisions have been established in order to ensure that customers receive authentic, unadulterated LADY M-branded cakes that meet Lady M's quality standards. The use of the LADY M Marks by these distributors is under license from Lady M. Lady M provides signage bearing the LADY M Marks to its authorized distributors for the purpose of communicating to the public that they are authorized distributors and offering genuine LADY M products.

20. Over the years, Lady M has invested great effort and resources in advertising and promoting the LADY M Marks throughout the United States, including the state of Texas.

21. The LADY M Marks are inherently distinctive, serving to identify and indicate the source and quality of Lady M's products and services to the consuming public, and to distinguish its products and services from those of other bakeries and retailers.

22. Additionally, as a result of Lady M's extensive use and promotion of the LADY M Marks, the Marks have become distinctive and famous to designate Lady M, and are well-

known and widely recognized by consumers. Lady M has developed valuable goodwill in the famous LADY M Marks.

23. Lady M has developed common-law rights in the LADY M Marks in Texas and throughout the United States.

B. **Defendant's Unauthorized Use of the LADY M Marks**

24. Defendant Sweetie Bakery Café is a bakery and café located at 256 Bellaire, Blvd, Houston, Texas 77036 operating under the name "Sweetie Bakery Café."

25. At this location, Defendant has displayed exterior and interior signage prominently bearing the LADY M Marks. Specifically, Defendant has displayed a "sandwich board" sign outside of its store that prominently featured the LADY M Marks. Inside the store, Defendant has displayed unauthorized copies of Lady M's posters bearing the LADY M Marks and several cake boxes bearing the LADY M Marks. Photographs of Defendant's signage and cake boxes that have been on display are attached as Exhibit B. The interior of Defendant's store also features a purple-and-white trade dress color scheme that extends to the tile, lighting, posters, menus, and product packaging.

26. Since at least as early as November 2018, Defendant has been selling unauthorized "Lady M" cakes bearing the LADY M Marks on the cardboard cake boxes and store signage.

27. Defendant has been selling unauthorized "Lady M" cakes at a discounted price.

28. Defendant has displayed counterfeit cardboard cake boxes featuring imitations of the LADY M Marks.

29. Upon information and belief, Defendant has been selling counterfeit Mille Crêpes cakes under the LADY M Marks.

30. Upon information and belief, Defendant has also sold unauthorized LADY M cakes under the LADY M Marks past the expiration date when Lady M and its distributors would no longer sell such cakes under its quality control protocols.

31. Lady M has demanded that Defendant cease the infringing conduct, but Defendant has only partially complied by removing the signage from its store. Upon information and belief, Defendant continues to sell Mille Crêpes cakes. On information and belief, since Defendant received Lady M's demand to cease selling LADY M cakes, Defendant has communicated to its customers that it is "bringing in a French chef" to bake Mille Crêpes cakes and that Defendant is "working on" or "trying" to sell Lady M's cakes.

32. Due to its actions, Defendant has created the false impression of and developed a reputation in Houston, Texas as being an authorized distributor of LADY M cakes. By continuing to sell Mille Crêpes cakes and by suggesting that Defendant is in "talks" with Lady M, Defendant is creating the false impression that the cakes Defendant is selling are authorized LADY M cakes.

33. Defendant's signage and cake boxes have depicted spurious counterfeit marks that are identical to or substantially indistinguishable from LADY M's common law and federally registered LADY M Marks.

34. Defendant is not an authorized distributor for LADY M products and is not authorized to use the LADY M Marks in connection with its business.

35. In addition to holding itself out as an authorized distributor of LADY M cakes, upon information and belief, Defendant is not offering genuine LADY M cakes.  Lady M has obtained and analyzed cake samples provided by Defendant; such analysis confirmed that at least some of the cakes sold by Defendant lacked the markers of authenticity that Lady M applies to its

products. Lady M also analyzed photographs of the boxes on display that were posted to Defendant's Yelp profile and confirmed that at least some of the boxes on display bore counterfeit imitations of the LADY M Marks.

36. Defendant has misrepresented itself as an authorized LADY M distributor and has misrepresented its products as LADY M products.

37. By selling unauthorized cakes obtained through unknown means, Defendant has prevented Lady M from being able to monitor and control the shipping, handling, and serving of the Mille Crêpes cakes that Defendant is selling under the LADY M Marks and/or its reputation as an authorized Lady M distributor.

38. Defendant has engaged in a deliberate course of conduct to deceive consumers into believing that the LADY M cakes offered by Defendant emanate from, or are authorized, connected or affiliated with Lady M, and Defendant continues to falsely represent the nature of its relationship with Lady M in order to trade on Lady M's enormous reputation and goodwill, and to injure Lady M and its authorized distributors. Defendant's unauthorized use of the LADY M Marks began long after the LADY M Marks became famous.

## C. Effect of Defendant's Activities on Lady M and the Consuming Public

39. Defendant's unauthorized use of the LADY M Marks in this manner is likely to cause confusion, to cause mistake, and to deceive customers and potential customers as to the affiliation, connection, sponsorship or association of Defendant with Lady M, or as to the origin, affiliation, sponsorship, or approval of Defendant's products by Lady M.

40. Defendant's unauthorized use of the LADY M Marks falsely indicates to the purchasing public that Defendant, its business, and the products sold are affiliated, connected, or

associated with Lady M, or are sponsored, endorsed, or approved by Lady M, or are in some manner related to Lady M or its products or services when that is not true.

41. Defendant's unauthorized use of the LADY M Marks falsely designates the origin of Defendant's products and services, and falsely or misleadingly describes and misrepresents facts with respect to Defendant and the products it is selling.

42. Defendant's unauthorized use of the LADY M Marks is likely to cause dilution of the distinctive quality of the LADY M Marks, and is causing and has caused such dilution.

43. Defendant's actions and unauthorized use of the LADY M Marks are likely to injure the reputation of Lady M and its products.

44. Defendant's unauthorized use of the LADY M Marks enables Defendant to trade on and receive the benefit and goodwill built up at great labor and expense over many years by Lady M, on the reputation of the LADY M Marks, and to gain acceptance for Defendant's products not solely on Defendant's own merits.

45. Defendant's unauthorized use of the LADY M Marks in this manner enables Defendant to pass off products on the unsuspecting public as those of Lady M when they are not LADY M products or services.

46. Defendant's unauthorized use of the LADY M Marks deceives consumers into believing that the Mille Crêpes cakes sold by Defendant are genuine LADY M products.

47. Defendant's unauthorized use of the LADY M Marks in this manner deceives consumers into believing that the LADY M cakes provided by Defendant are genuine LADY M-authorized cakes when that is not the case.

48. Defendant's unauthorized use of the LADY M Marks removes from Lady M the ability to control the nature and quality of products provided under the LADY M Marks, and places the valuable reputation and goodwill of Lady M in the unfettered control of Defendant.

49. As a result of Defendant's unauthorized use of the LADY M Marks, Defendant is being unjustly enriched at Lady M's expense.

50. Defendant's misrepresentations and false or misleading use of the LADY M Marks are material because they are likely to influence customers' purchasing decisions.

51. Unless these unfair and deceptive trade practices and acts of unfair competition by Defendant are enjoined by this Court, these practices and acts will continue, and will continue to cause irreparable injury to Lady M and to the public, for which there is no adequate remedy at law.

D. **Willful Nature of Defendant's Activities**

52. Defendant's activities complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Lady M's rights and the counterfeit nature of the "Lady M" products sold by Defendant. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

53. Lady M repeats the above allegations as if fully set forth herein.

54. The acts of Defendant complained of herein constitute infringement of Lady M's registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55. The acts of Defendant described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

56. Plaintiff has been damaged by the acts of Defendant in an amount, currently unknown, to be proved at trial.

### COUNT II: FEDERAL TRADEMARK COUNTERFEITING

57. Lady M repeats the above allegations as if fully set forth herein.

58. The acts of Defendant complained of herein constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

59. The acts of Defendant described herein have been willful and in bad faith and have damaged Plaintiff.

### COUNT III: FEDERAL UNFAIR COMPETITION

60. Lady M repeats the above allegations as if fully set forth herein.

61. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

62. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

### COUNT IV: FEDERAL TRADEMARK DILUTION

63. Lady M repeats the above allegations as if fully set forth herein.

64. Defendants willfully intended to trade on Lady M's reputation and to cause such dilution.

65. The acts of Defendant complained of herein constitute dilution of Lady M's famous marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

66. Plaintiff has been damaged by the acts of Defendant in an amount, currently unknown, to be proved at trial.

### COUNT V: FEDERAL FALSE ADVERTISING

67. Lady M repeats the above allegations as if fully set forth herein.

68. The acts of Defendant complained of herein constitute false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

69. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

### COUNT VI: COMMON LAW TRADEMARK INFRINGEMENT

70. Lady M repeats the above allegations as if fully set forth herein.

71. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of Texas.

72. Plaintiff has been damaged by the acts of Defendant in an amount, currently unknown, to be proved at trial.

### COUNT VII: COMMON LAW UNFAIR COMPETITION AND PASSING OFF

73. Lady M repeats the above allegations as if fully set forth herein.

74. The acts of Defendant complained of herein constitute unfair competition and passing off in violation of the common law of Texas.

75. Plaintiff has been damaged by the acts of Defendant in an amount, currently unknown, to be proved at trial.

### COUNT VIII: TEXAS DILUTION BY BLURRING AND TARNISHMENT

76. Lady M repeats the above allegations as if fully set forth herein.

77. The acts of Defendant complained of herein are likely to injure the business reputation of Lady M and to dilute the distinctive quality of the LADY M Marks in violation of § 16.103 of the Texas Business and Commerce Code.

78. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT IX: UNJUST ENRICHMENT

79. Lady M repeats the above allegations as if fully set forth herein.

80. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at Lady M's expense.

81. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

WHEREFORE, Lady M prays that:

a) Defendant, Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendant, be permanently enjoined from using the LADY M Marks, any counterfeit reproduction of the LADY M Marks, copy or colorable imitation of the LADY M Marks, or any other mark confusingly similar thereto or likely to dilute the distinctive quality of the LADY M Marks or otherwise simulate LADY M's trade identity;

b) Defendant be temporarily enjoined from selling Mille Crêpes cakes for a limited period of time no less than one year in order to terminate the continuing association of Defendant with Lady M and its signature Mille Crêpes cakes among consumers;

- c) Defendant be permanently enjoined from representing, suggesting, or implying an association or affiliation with Lady M;

- d) Defendant be ordered to deliver to LADY M any and all signage and other advertising or promotional materials in the possession of Defendant or under their control bearing any of the LADY M Marks or variations thereof;

- e) Defendant be ordered to file with this Court and to serve upon Lady M, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

- f) Lady M recover all damages it has sustained as a result of Defendant's activities and that said damages be trebled;

- g) An accounting be directed to determine Defendant's profits resulting from Defendant's illegal activities, and that such profits be paid over to Lady M and increased as the Court finds to be just under the circumstances of this case;

- h) Lady M recover statutory damages pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, which provides for awards up to $2,000,000 per violation;

- i) Defendant be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

- j) Lady M recover its reasonable attorney's fees;

- k) Lady M recover its costs of this action and prejudgment and post-judgment interest; and

  l)  Lady M recover such other relief as the Court may deem appropriate.


                Respectfully submitted,


Date: <u>February 4, 2019</u>      /s/ Charles B. Walker, Jr.
                 Charles B. Walker, Jr.
                 Attorney-in-Charge
                 State Bar No. 00794808
                 S.D. Tex. Bar No. 19307
                 1301 McKinney, Suite 5100
                 Houston, Texas 77010-5203
                 Telephone: 713/651-5203
                 Facsimile: 713/651-5246
                 Email: charles.walker@nortonrosefulbright.com

                 For Plaintiff Lady M Confections, Co., Ltd.


OF COUNSEL:
Andrea K. Shannon
State Bar No. 24086833
S.D. Tex. Bar No. 3265148
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5151
Facsimile: 713/651-5246